UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LEONARD B. MITCHELL,

    Plaintiff,

v.

THE SCHOOL BOARD OF
PALM BEACH COUNTY, FLORIDA

  Defendant.
_____/

## COMPLAINT

COME NOW the Plaintiff LEONARD B. MITCHELL by and through his undersigned counsel, hereby files this complaint against Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA and declares and avers as follows:

## VENUE AND JURISDICTION

1. Plaintiff also brings a claim for discriminatory and retaliatory treatment and seeks relief pursuant to the Florida Civil Rights Act, Florida Statute §760, et seq. ("FCRA"); the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq (1964) Title VII; and 42 U.S.C. §1981, §1981(a), et seq.

2. Defendant THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA ["School Board" or "Defendant"] has a principal place of business located at 100 Australian Avenue, West Palm Beach, Florida 33401.

3. Venue is proper in Palm Beach County, Florida, insofar as the Defendant operates in Palm Beach County, Florida and Plaintiffs worked for Defendant in Palm Beach County, Florida. Defendant is within the jurisdiction of this Court.

4. Plaintiff is a citizen and resident of Palm Beach County and at all times worked for Defendant at its location in Palm Beach County, Florida.

5. This Court has federal question jurisdiction over the Plaintiffs discrimination and retaliation claims in this matter insofar as the matter involves a violation of 42 U.S.C. §1981, §1981(a), et seq. and Title VII; and 42 U.S.C. §1981, §1981(a), et seq.

6. The court has supplemental jurisdiction over Mitchell's state court claims under the Florida Civil Rights Act, Florida Statute §760, et seq. ("FCRA").

## COMMON ALLEGATIONS

7. Plaintiff is African-American.

8. Plaintiff worked for the School District of Palm Beach County School Police from 1983 to 2007, he retired from the School District in 2007, having attained the position of Major. On or about September 24, 2018, Mitchell was hired by Defendant to work for the School District as a School Police Officer.

9. Plaintiff has been subjected to racially discriminatory and retaliatory conduct such that he was deprived of their civil rights.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff has exhausted all administrative remedies prior to the filing of this action.

11. Plaintiff timely filed a charge of discrimination. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ["EEOC"] as well as with the Florida Commission on Human Relations ["FCHR"]. (Please see a true and correct copy of said Charge filed with the EECO and FCHRA attached hereto as Exhibit "A").

12. Plaintiff has received a Right to Sue notice from the EEOC and timely filed this action. (Please see a true and correct copy of said Right to Sue Notice attached hereto as Exhibit "B").

13. It has been more than one-hundred eighty (180) days since the filing of Plaintiff's Charge of Discrimination with FCHR.

14. Plaintiff has exhausted all rights and remedies before brining his claims herein under the Florida Civil Rights Act, Fla. Stat 760.11 and the Civil Rights Act of 1964. 42 U.S.C. 2000.

## COUNT I – DISCRIMINATION IN VIOLATION OF 42 U.S.C 1981,1981(A) (PLAINTIFF MITCHELL)

Plaintiff adopts the allegations contained in paragraphs 1 through 14 above.

15. Defendant engaged in racially discriminatory conduct towards Plaintiff such that he was deprived of his civil rights.

16. Defendant is an employer within the meaning of 42 U.S.C. §1981.

17. Plaintiff is an African-American male, subject to the protections of 42 U.S.C. §1981.

18. Plaintiff was subject to adverse employment treatment including:

    a) In June 2018, Mitchell applied for the position of Chief which was advertised. When Mitchell applied, he was notified that he was one of the final candidates, and he would be interviewed for the Chief position. On or about two days before the interview, Mitchell received a call informing him that he was not going to be interviewed for the Chief position. Mitchell asked the reason why, all of a sudden, he was not going to be interviewed, but he received no explanation. Mark Mitchell called Plaintiff to notify him regarding the cancellation of the interview, and when Plaintiff asked what had

happened and why he was not going to be interviewed, Mark Mitchell told him he did not have knowledge or information about the decision or the hiring process for the position.

b)   Despite Mitchell's experience, and the fact that he was one of the interview finalists and qualified for the position, he was not offered the opportunity to interview for the Chief position.

c)   After cancellation of his interview and receiving no explanations, Mitchell made a public records request, on or about June 2018, regarding the hiring process for the Chief position, in order to find out the reason why he was not been interviewed. Through the information from the public records request, Mitchell confirmed that the same people he reached out to for explanations regarding the hiring process, were in fact involved and part of the hiring process for the position of Chief; for example, Mark Mitchell was involved in the hiring process and he personally called Mitchell to cancel the interview and denied having knowledge or information regarding the hiring process.

d)   Mitchell made multiple attempts to find the answers to his questions regarding the hiring process and the cancellation of his interview for the Chief position. For example, in or about June 2018, Mitchell called Dr. Fennoy's office, School Superintendent for Palm Beach County, several times and every single time he left a message with Dr. Fennoy's secretary. To his disappointment, Dr. Fennoy never returned Mitchell's telephone calls.

e)   On or about July 2018, at a School Board Meeting, Mitchell asked for a turn to speak; he asked why he was not interviewed and why he was not given an

opportunity to interview for the position. Unfortunately, his attempts failed, and he did not receive any answers.

f) On or about September 2018, Mitchell applied for an Assistant Director position at the School Police Department. Once again, he was selected for interview and the interview went well, yet, he did not get any more information about the position afterwards. Since then, Mitchell has applied to several positions in the Department, and has received no information regarding his applications.

g) On December 18, 2018, Mitchell filed a Charge of Discrimination against Defendant for Discrimination based on race and national origin.

h) After filing the Charge of Discrimination, Mitchell has applied for an assistant director position for school police, but he has not received any information regarding his application or the hiring process.

i) In December 2018, a couple of days after the district got notification of his Charge of Discrimination, he was notified that he was being transferred to Lakeward Middle school in Palm Beach County. Mitchell was not given any prior notice, or explanation. Mitchell asked the reasons for his transfer but received no explanations.

j) On or about February 2019, Mitchell applied for a Major position; there were three vacancies available for the same position. Mitchell was qualified for the position and applied, but he was not selected.

k) Subsequently, he has applied to two more positions in the Department, but has not received any notification or information regarding his applications to those positions. Plaintiff contends that Defendant is denying him and depriving him of opportunities, based on his race and national origin. Plaintiff contends that Defendant

is also denying him of such opportunities, in retaliation for filing a Charge of Discrimination.

    l)    Plaintiff contends that, by information or belief, on or about 2017, Larry Leon, Chief of Police at the time, said out loud in the office, and was heard by other people, that "Leonard Mitchell was never going to be hired as part of the executive group of the district as long as I'm superintendent".

    m)    After Mitchell filed the Charge of Discrimination against Defendant in December 2018, he was transferred twice in less than a year, without explanation and without prior notification.

    n)    Plaintiff contends that Defendant continues to discriminate against him, based on his race and national origin. Furthermore, Defendant is retaliating against Mitchell for filing a Charge of Discrimination.

19. Plaintiff contends the denial of job opportunities and the adverse actions described above were pre-textual and that other similarly situated employees were selected, despite not being the most qualified.

20. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by allowing Plaintiff to continue to be subjected to disparate treatment and discrimination in violation of 42 U.S.C. §§1981,1981(a).

21. Plaintiff contends that Defendant has a policy, pattern and practice of treating similarly-situated, Non-African American employees more favorably than African-American employees.

22. Plaintiff contends that Defendant applies employment policies such as: anti-discrimination and discipline in a disparate manner.

23. Defendant failed to acknowledge the discriminatory treatment of Plaintiff.

24. Defendant knew or should have known that Plaintiff was being discriminated against and being treated in a manner disparate and less favorable than other similarly-situated Non-African American employees by the Defendant, agents, employees and/or representatives.

25. Despite said knowledge, Defendant failed to take any remedial action.

26. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing disparate treatment on the basis of race in violation of 42 U.S.C. §1981.

27. Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known. At such time as the discriminatory practices become known, Plaintiff will seek leave of the Court to amend the Complaint in this regard.

28. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

29. As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

30. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm and is obligated to pay a reasonable fee.

31. Plaintiff requests that he be awarded damages, including general, compensatory damages and reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§1981, 1981(a).

WHEREFORE, Plaintiff prays that judgment be entered in his favor against Defendant as follows: That Plaintiff be awarded general and compensatory damages, reinstatement, or front pay, back pay, that Plaintiff be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. §§1981, 1981(a); and that Plaintiff Mitchell be awarded such other relief as the Court deems just and proper.  Plaintiff Mitchell further demands trial by jury.

**COUNT II – DISCRIMINATION – DISPARATE TREATMENT
IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT,
FLORIDA STATUTE § 760, ET SEQ.
(PLAINTIFF MITCHELL)**

Plaintiff adopts the allegations contained in paragraphs 1 through14.

32. Defendant is an employer as that term is defined in Florida Statute § 760.02(7).

33. Defendant denied Plaintiff equal opportunities for assignment and promotion to positions for which he was qualified and expressed interest, on the basis of race.

34. Defendant's conduct of engaging in discrimination against its African American employees by making assignment and promotion decisions on the basis of race violates the Florida Civil Rights Act, Florida Statute § 760, et seq.

35. The Defendant has failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the work place and to prevent it from occurring.

36. Defendant's discriminatory practices described above have denied Plaintiff assignments, promotional opportunities, and compensation to which he was entitled, in violation of the Florida Civil Rights Act.

37. Defendant's alleged reasons, if any, for the disparate treatment against Plaintiff is a mere pretext, as evidenced by the pattern or practice of discrimination against African American employees generally.

38. Plaintiff has exhausted his administrative remedies prior to bringing this action.

39. As a result of Defendant's violations, the Plaintiff has suffered damages.

40. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination; Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe emotional distress, loss of skills, and mental anguish; Plaintiff has incurred other incidental expenses; Plaintiff has suffered related to the harm caused by Defendant's violations.

41. Plaintiff has and will continue to suffer a loss of earnings and other employment-related benefits and job opportunities.

42. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

43. As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

44. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm and is obligated to pay a reasonable fee.

45. Plaintiff requests that he be awarded damages, including general, compensatory and reasonable attorney's fees and costs of suit pursuant to the FCRA.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, back pay, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the law; that Plaintiff be awarded such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

### COUNT III – DISCRIMINATION – DISPARATE TREATMENT
### IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964,
### Title VII, 42 U.S.C. § 2000e ET SEQ (1964)
### PLAINTIFF MITCHELL

Plaintiff adopts the allegations contained in paragraphs 1 through 14 and 15-19 above.

46. Defendant is an employer as that term is defined in Title VII.

47. The Defendant denied Plaintiff equal opportunities for assignment and promotion to positions for which he was qualified and expressed interest, on the basis of race.

48. Defendant's conduct of engaging in discrimination and retaliation against Plaintiff and its African American employees by making assignment and promotion decisions on the basis of race violates Title VII of the Civil Rights Act of 1964.

49. The Defendant has failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the work place and to prevent it from occurring.

50. Defendant's discriminatory practices described above have denied Plaintiff assignments, promotional opportunities, and compensation to which he was entitled, in violation of Title VII.

51. Defendant's alleged reasons, if any, for the disparate treatment against Plaintiff is a mere pretext, as evidenced by the pattern or practice of discrimination against African American employees generally.

52. Plaintiff has exhausted his administrative remedies prior to bringing this action.

53. As a result of Defendant's violations, the Plaintiff has suffered damages.

54. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination; Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe emotional distress, loss of skills, and mental anguish; Plaintiff has

       incurred other incidental expenses; Plaintiff has suffered related to the harm caused by Defendant's violations.

55. Plaintiff has and will continue to suffer a loss of earnings and other employment-related benefits and job opportunities.

56. Plaintiff Mitchell has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

57. As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

58. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm and is obligated to pay a reasonable fee.

59. Plaintiff requests that he be awarded damages, including general, compensatory damages and reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§1981, 1981(a).

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, back pay, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the law; that Plaintiff be awarded such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a jury trial on all triable issues.

Dated this 12th day of November 2019.

                           SCOTT WAGNER & ASSOCIATES, P.A.
                           Jupiter Gardens
                           250 South Central Boulevard
                           Suite 104-A
                           Jupiter, FL 33458
                           Telephone: (561) 653-0008

Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com